IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHYLLIS DRUMMOND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 12-391-SLR |
| | ) |
| ROBERT MAY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 31st day of July, 2012, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that: (1) plaintiff's request for counsel (D.I. 4) is granted; (2) the complaint is dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A; and (3) plaintiff is given leave to amend, for the reasons that follow:

1. **Background.** Plaintiff Phyllis Drummond ("plaintiff"), an inmate at the Delores J. Baylor Women's Correctional Institution, New Castle, Delaware, who proceeds pro se and has been granted in forma pauperis status, filed this complaint pursuant to 42 U.S.C. § 1983 alleging the negligent administration of medical care.[1] (D.I. 3)

2. **Standard of review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a

claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has

---

[2]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. Plaintiff has been incarcerated since 2003. In exhibits to the complaint, she complains of medical care received in 2006, 2009, 2011, and 2012. Additionally, grievances submitted in 2012 complain of delay in providing medications. Plaintiff raises claims against defendants Robert May ("May"), Wendi Caple ("Caple"), Thomas Carroll ("Carroll"),[3] Carl Danberg ("Danberg"), Mike Deloy ("Deloy"), and Jim Welch ("Welch") based upon their supervisory positions. (D.I. 3, Statement of Claim, ¶¶ 1-6) Plaintiff alleges that defendant Correct Care Solutions ("CCS")[3] is responsible for all medical treatment to inmates at the BWCI and that it is responsible for any neglect or malpractice reported to it. (*Id.* at ¶ 7) Finally, plaintiff alleges that defendant grievance investigator Sharon Wix ("Wix") is responsible for the proper implementation of the grievance procedure. (*Id.* at ¶ 8) Plaintiff seeks compensatory damages for "enduring the fear of dying in prison due to some type of mistake from the medical provider and the unattentive [sic] from the administration." (D.I. 3 at 3)

7. **Personal involvement/respondeat superior**. Although plaintiff has named as defendants May, Caple, Carroll, Danberg, Deloy, and Welch, the claims are raised against them in a conclusory manner, without mention of their respective personal involvement. As is well know, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation

---

[3] Misspelled by plaintiff as "Carrol."

[3] Improperly named by plaintiff as "Correct Care."

4

of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Moreover, it is evident in reading the complaint that they are named due to their supervisory positions. Even when reading the complaint in the most favorable light to plaintiff, it fails to state actionable constitutional claims against May, Caple, Carroll, Danberg, Deloy, and Welch. Therefore, the claims against them will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

8. **Grievance**. Wix is named as a defendant because she has involvement in the grievance procedure. The filing of prison grievances is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006) (not published). To the extent that plaintiff bases her claims upon her dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate does not have a "free-standing constitutionally right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011 (not published) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Notably, the denial of grievance appeals does not in itself give rise to a constitutional claim as plaintiff is free to bring a civil rights claim in District Court. *Winn v. Department Of Corr.*, 340 F. App'x 757, 759 (3d Cir. 2009) (not published) (citing *Flick v. Alba*, 932 F.2d at 729).

9. Plaintiff cannot maintain a constitutional claim based upon her perception that her grievances were not properly processed, that they were denied, or that the grievance process is inadequate. Therefore, the court will dismiss the claims against Wix as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

5

10. **Medical**. Plaintiff alleges that CCS is negligent in its administration of medical care. In addition, her grievances complain that she is denied, or there is a delay, in the administration of prescribed medication. The grievances, however, do not speak to a particular individual.

11. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

12. When a plaintiff relies on the theory of respondeat superior to hold a corporation liable, she must allege a policy or custom that demonstrates such deliberate indifference. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Corr. Med. Sys.*, Inc., 802 F.Supp. 1126, 1132 (D. Del. 1992). In order to establish that CCS is directly liable for the alleged constitutional violations, plaintiff "must provide evidence that there was a relevant [CCS] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories).

13. Plaintiff has failed to assert facts supporting the conclusion that the failure of a CCS policymaker to institute specific policies caused violations of her constitutional rights. *See Smith v. Merline*, 719 F. Supp. 2d 438, 449 (D.N.J. 2010). Moreover, the claims against CCS lie in negligence. It is well-established that allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). The claims against CCS do not rise to the level of a constitutional violation. Therefore, the court will dismiss the claims against CCS as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

14. Plaintiff, however, has raised allegations regarding the delay or denial of medication. At present, the claims are deficiently pled as they are not directed against an individual Therefore, they will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Since it appears plausible that plaintiff may be able to articulate a claim against a defendant or name alternative defendants, she will be given an opportunity to amend as to this claim. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

15. **Request for counsel.** Plaintiff's request for counsel is granted. (D.I. 4) The Clerk of Court is directed to attempt to refer representation of plaintiff to a member of the Federal Civil Panel. The court's Standing Order regarding the establishment of a

7

Federal Civil Panel to provide legal representation to indigent parties in certain civil litigation is incorporated herein by reference.

16. **Conclusion**. For the above reasons plaintiff's request for counsel (D.I. 4) is granted. The Clerk of Court is directed to attempt to refer representation of plaintiff to a member of the Federal Civil Panel. The complaint is dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). However, since it appears plausible that plaintiff may be able to articulate a claim against a defendant or name alternative defendants, with regard to the denial or delay of the administration of medication, she will be given an opportunity to amend her pleading, once counsel has entered an appearance.

_____
UNITED STATES DISTRICT JUDGE